FILED
HARRISBURG, PA

NOV 19 2012

MARY E. D'ANDREA, CLERK
Per _____
        Deputy Clerk

Case 1:12-cv-01908-JEJ
Case 1:12-cv-01909-JEJ

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA AND ERIK J. EBERZ, REVENUE OFFICER INTERNAL REVENUE SERVICE | ) ) ) ) | Misc No. 1:12-CV-1908 Misc No. 1:12-CV-1909 |
| Plaintiffs, | ) ) | Hon. John E. Jones III |
| v. | ) ) | |
| TIMOTHY J. WASHBURN, | ) ) | |
| Defendant. | ) | |

## RESPONSE TO PETITION TO ENFORCE INTERNAL REVENUE SERVICE SUMMONSES

TO THE HONORABLE JUDGE OF THE COURT:

Timothy J. Washburn declares to this Honorable Court the following:

Timothy J. Washburn, residing at 6458 Pamadeva Rd., Hanover, Pennsylvania, York County, is the Respondent. The Defendant is a flesh and blood, with a soul, natural person and is not acting in any corporate capacity nor has Defendant ever knowingly acted in a corporate capacity.

The Defendant is a Pro Se Defendant, acting without benefit of counsel. The Defendant is held to a less stringent standard than a professional attorney is. See *Haines v. Kerner*, 404 US 519-521 (1972).

The Defendant holds all of his unalienable rights given him by God, and reserves all his rights upheld by the Constitution. **Exhibit 37**

The Defendant is a non-taxpayer with respect to any IRC or title 26 a-c USC. The Defendant is not a tax protestor nor is he anti-government. The Defendant believes in the lawful taxes defined in the Constitution.

Defendant has no liability as it relates to title 26 USC or the IRC. **Exhibit 10.** Despite being asked numerous times, the IRS (Erik. J. Eberz) has not provided the requested information to Defendant on what creates the Defendant's alleged liability.

Defendant seeks to know what Jurisdiction the IRS has over the Defendant as a natural person.

The Defendant's name written in all CAPITOL LETTERS is a misrepresentation of who he is. Defendant's understanding is that the use of all caps is a designation of a Corporation or a Federal Employee as it applies to IRC or Title 26.

The Defendant has no income as defined by the Supreme Court that would create liability. (Income is not earnings but is "Investment Profits Severed From Capital") **Exhibit 11**

It is Defendant's understanding that title 26 USC or the IRC have never been made into positive law but only acts as prima facie law and there are no implementing regulations to enforce this prima facie law. (*U.S. Supreme Court in U.S. v. Mersky, 361 U.S. 41.1960)* **Exhibit 12**

**<u>Defendant declares to this Honorable Court the following facts:</u>**

1. That, on February 27, 2012, Plaintiffs prepared and sent to Defendant, by U.S. mail, Letter 729(DO)(CG)(Rev. 10/2006) referencing no record of receiving tax returns for tax years 2002-2010 and also a paper listing the 1040 forms Plaintiffs were requesting. **Exhibit 13**

2. That, on March 5, 2012, the Defendant replied to Erik J. Eberz's letter dated February 27, 2012, stating that Plaintiffs had failed to show Defendant that he had any taxable liability, any income, had been involved in any taxable activity, had income meeting the definition of the U.S. Supreme Court definition, was involved in an activity not protected by constitutional exemption, and that the income tax mentioned in Plaintiffs letter does not fall under the constitutional principle of apportionment. Defendant stated four times in the letter that if Erik J. Eberz or the IRS disagreed with the above findings of law, to provide Defendant with the rebutting information refuting Defendant's claims. **Exhibit 14**

3. That, Defendant received form Letter 3175 (2-1999) from Erik J. Eberz dated March 16, 2012 in response. Plaintiffs refused to provide evidence of its authority or to refute any of the issues raised in Defendant's letter. Plaintiffs also failed to provide Defendant with positive law and regulation. Plaintiffs only rebuttal was to include a pamphlet entitled "Why Do I Have to Pay Taxes?" Plaintiffs failed to provide Defendant with the requested information . Plaintiffs stated, "We will not respond to future correspondence concerning these issues." **Exhibit 15, Exhibit 16.**

4. That, on or about April 6, 2012, Erik J. Eberz delivered to Defendant's home two Summons dated March 30, 2012 requiring Defendant to appear before Plaintiffs on May 9, 2012 to give testimony and to bring for examination information related to the collection of the tax liability form 433-A for periods April 01,2011 to March 29,2012. Plaintiffs also delivered a second Summons requesting 1040's for the years ending 2002, 2003, 2004, 2005, 2006, 2007, 2008, 2009, 2010. **Exhibits 17, Exhibit 18**

5. That, Plaintiffs initiated certain punitive actions against Defendant. Such actions included fraudulent levying and confiscating Defendant's assets. **Exhibit 19, Exhibit 20, Exhibit 21, Exhibit 22, Exhibit 23, Exhibit 24, Exhibit 25, Exhibit 26, Exhibit 27, Exhibit 28**
These actions have damaged Defendant's standing in the business community to the point where the stigma prevents clients from wanting to engage Defendant for future projects, thereby depriving Defendant of his most basic right which is the right to contract and work where and for whom he chooses.

6. That, May 9, 2012 Defendant did appear before Erik J. Eberz and brought a witness, Dennis Sullivan, to the meeting. Eberz asked Defendant how he intended to take care of the tax liabilities. Since Defendant contends that he does not have a tax liability, **Exhibit 36,** he asked Erik J. Eberz: a) Show me the law that creates the alleged tax liability for me, b) show me what taxable activity that I was involved in that makes me liable. Defendant stated that Plaintiffs own IRM Manuel states that he (Eberz) is required by law to give an answer. (IRM 4.10.7.1

Overview). Erik J. Eberz did not provide Defendant with any requested information, but made the statement that Defendant had income in 2001.

7. That, Defendant did not have income according to Black's Law dictionary and Supreme Court decisions. Defendant provided Erik J. Eberz with a printed sheet of Black's Law Dictionary definition of income and also the Supreme Courts Definitions of income. **Exhibit 29.** Erik J. Eberz's own IRM Manuel states 4.10.7.2.9.8 Importance of Court Decisions. *"the Internal Revenue Service must follow Supreme Court decisions. For examiners, Supreme Court decisions have the same weight as the code."*

8. That, Erik J. Eberz stated that they, (the IRS) had filled out a 1040 in 2001 based on the data of two 1099 forms they had in their possession. Eberz stated that the alleged liability exist because of the two 1099's. Defendant contended that a 1099 does not create tax liability. Erik J. Eberz did not refute Defendant's argument.

9. That, the IRS filled out a 1040 for Defendant in 2001, without his knowledge, consent, or signature; and has sent Defendant notice that he owes the IRS, has incurred interest and penalties, has extorted my property in a fraudulent manner, and continues to harass me, yet Plaintiffs still have not offered proof that Defendant is liable for anything. *"The Taxpayer must by liable for a tax. Tax liability is a condition precedent to the demand. Merely demanding payment even repeatedly, does not cause liability." Boathe v. Terry, 713 f.2d 1405, at 1414 (1983)"* Defendant refuses for cause without dishonor any type of 1040 form that

has been electronically produced, kept in a computer, hand written, or produced in any way without his consent.

10. That, Defendant exercised his Constitutional privilege at the meeting on May 9, 2012.

11. That, Defendant informed Erik J. Eberz that the Notice of Levy's sent to my bank and other individuals were fraudulent because Eberz did not obtain a Judicial Court Order or a Notice of Seizure. Defendant informed Erik J. Eberz that Eberz was attempting to extort Defendant's property in a fraudulent way using his position as a Revenue Officer to affect an outcome. Erik J. Eberz has violated my Constitutional right to due process.

12. That, Defendant once again requested the law that creates the alleged tax liability and alleged taxable activity that Eberz claims Defendant is involved in that creates liability. Erik J. Eberz only rebuttal was to hand Defendant a second copy of publication 2105 catalog #2371 n entitled "WHY DO I HAVE TO PAY TAXES." **Exhibit 16**

13. That, May 21, 2012, Defendant received a 'Failure to Respond to Summons' letter from Joshua M. Peles (IRS I.D. No. 23-09422) of the Department of Treasury, IRS Philadelphia, stating that Erik J. Eberz had informed their office that Defendant had not appeared in response to the Summons. Erik J. Eberz, Revenue Officer committed perjury, by falsely stating that Defendant failed to comply with both Summons dated March 30, 2012, by failing to appear. Defendant was given another date of June 15, 2012 to appear before Revenue Officer Erik J. Eberz. **Exibit 30**

14. That, Defendant again complied and appeared before Erik J. Eberz on June 15, 2012 with his witness Dennis Sullivan. Plaintiffs asked if Defendant's "stance" was the same. Defendant replied that he didn't have a "stance" but was still waiting for the Plaintiffs to provide the law and a form with my signature that creates liability. Plaintiffs did not produce the requested information and replied that he would probably take Defendant to court.

15. That, Defendant sent two letters on June 4, 2012 to Joshua M. Peles (IRS I.D. No. 23-09422) in response to Peles' 'Failure to Respond to Summons' letter dated May 21, 2012. Defendant asked what Peles meant when he stated "you did not appear" in reference to the Summons. Defendant again asked to be provided with the law that creates the alleged tax liability and shows what taxable activity he was alleged to be involved in that creates liability. **Exhibit 31**

16. That, to date, Plaintiffs have refused to provide evidence of its authority or to refute any of the issues raised in Defendant's letters, or to provide any requested information.

17. That, despite Defendant's timely and complete response to the Summons by his appearance on May 9, 2012, and also the one on June 15, 2012, offering evidence in the law and the relevant Court decisions, supporting Defendant's position that he has no tax liability, Plaintiffs Counsel issued a letter to Defendant threatening action in the United States District Court for failure to comply. **Exhibit 30**

18. On or about October 26, 2012, IRS Revenue officer Erik J. Eberz served, to Defendant's wife at Defendant's residence, a copy of this Court's **<u>ORDER TO SHOW CAUSE, COMPLAINT TO ENFORCE INTERNAL REVENUE</u>**

## **SERVICE SUMMONS, SUMMONS COLLECTION INFORMATION STATEMENT, and DECLARATION.**

- **Exhibit 1** - Declaration by Erik J. Eberz, Internal Revenue Service Revenue Officer, dated September 10, 2012, regarding the Internal Revenue Service Summons issued March 30, 2012, seeking information for tax year 2001. Case No. 1:12-cv-01908-JEJ

- **Exhibit 2** - A copy of the Internal Revenue Service Summons issued March 30, 2012, with attached "Certificate of Service of Summons." Case No. 1:12-cv-01908-JEJ

- **Exhibit 3** – A copy of the Complaint to Enforce Internal Revenue Service Summons dated October 1, 2012, Case No. 1:12-cv-01908-JEJ

- **Exhibit 4** – A copy of the Order to Show Cause filed October 4, 2012, Case No. 1:12-cv-01908-JEJ

- **Exhibit 5** - Declaration by Erik J. Eberz, Internal Revenue Service Revenue Officer, dated September 10, 2012, regarding the Internal Revenue Service Summons issued March 30, 2012, seeking information for tax year 2002 - 2010. Case No. 1:12-cv-01909-JEJ

- **Exhibit 6** - A copy of the Internal Revenue Service Summons issued March 30, 2012, with attached "Certificate of Service of Summons." Case No. 1:12-cv-01909-JEJ

- **Exhibit 7** – A copy of the Complaint to Enforce Internal Revenue Service Summons dated October 1, 2012, Case No. 1:12-cv-01909-JEJ

- **Exhibit 8** - A copy of the Order to Show Cause filed October 4, 2012, Case No. 1:12-cv-01909-JEJ

19. That, the Order required Defendant, within 10 days of receipt, to file and serve an answer, motion, or other responsive pleading, together with an affidavit in support thereof. Defendant made a Motion for Extension of time, which the Court granted. **Exhibit 9**.

20. That, Erik J. Eberz issued a Summons to PNC Bank on October 22, 2012 to appear or send information about Defendant's bank records. Defendant contends that this Summons is defective because it did not issue from a Court Order, has no OMB number, and there are no implementing regulations to enforce a summons under title 26. **Exhibit 12.** The regulations exist under title 27 part 70 BATF and don't apply to Defendant. The Letter from the Bank is also defective in that it carries a date of April 12, 2012, but the Bank stamp on the attached summons states "received Oct. 25, 2012." **Exhibit 35**

### Additional Facts

21. That, Defendant believes that, should this Court compel Defendant to comply with the Internal Revenue Service Summonses dated March 30, 2012, that action, in itself, would violate Respondent's Fifth Amendment protection against self-incrimination.

22. That, the Two Internal Revenue Service Summons, dated March 30, 2012, and Form 433-A Collection Information Statement, and the Summons issued to PNC Bank fail to display a current control number assigned by the OMB which violate relevant sections of 44 USC 3500, and should not be enforced. In addition, the

Internal Revenue Service failed to inform Defendant that he was not required to respond to the collection of information unless it displayed a valid control number, as required by 44 USC 3512 (a) (2). This was affirmed by the United States Supreme Court in **Dole v Steelworkers 494 U.S. 26 (1990), Exhibit 34** and more recently, by the United States of Appeals Tenth Circuit in **United States of America v Jimmy C. Chisum,** Case #06-7082 **Exhibit 33**. Therefore, the Internal Revenue Service is prohibited from collecting the information and Defendant may ignore such request for information without risk of penalty. See 44 U.S.C. 3512 (1982 ed.). **Exhibit 32** WHEREFORE, Defendant respectfully prays that this Honorable Court deny Plaintiffs'' petition and not compel Defendant to comply with either of the two Internal Revenue Service Summons dated March 30, 2012, because such documents constitute "outlaw forms" and violate 44 U.S.C. 3512.

23. That, Plaintiff's actions demonstrate a consistent pattern of abuse of process spanning the period of February 27, 2012 to present. Erik J. Eberz did not obtain a Judicial Court Order or Notice of Seizure before seizing Defendant's property from Susquehanna Bank. **Exhibit 21.**

24. That, Plaintiffs committed perjury in his Declaration regarding the Summons dated March 30, 2012 , Case 1:12-cv-01909 JEJ. Erik J. Eberz, IRS Revenue Officer, in his Declaration dated September 10, 2012, stated as follows: *"7. All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken."* This Declaration refers to the Summons dated March 30, 2012. **Exhibit 5.** In fact, there has never been a "Proposed Individual Income

Tax Assessment" or "Notice of Deficiency" issued to Defendant for the tax years referenced in the Summons. As a result, Defendant was denied the administrative remedies to challenge Plaintiffs claim that Defendant has a Federal tax liability for the years in question. Therefore, Erik J. Eberz committed perjury when he falsely claimed that "All administrative steps required by the Internal Revenue Code for issuance of a summons have been taken". Plaintiffs petition submitted to this Honorable Court should not be enforced because the Summonses failed to meet the criteria set forth in U.S. v Powell. Erik J. Eberz committed perjury in his Declaration regarding the Summons dated March 30, 2012 , Case 1:12-cv-01908 JEJ because he states " **I am conducting an investigation** (emphasis added) into the collection of the income tax liability". However, he has fraudulently proceeded with collection of Defendant's property without first proving liability and with a disregard for the Court system by petitioning the Court to enforce the summons but proceeding around the court at the same time to obtain what he seeks from the Summons. **Exhibit 21, Exhibit 35**

WHEREFORE, Defendant respectfully prays that this Honorable Court deny Plaintiffs petition and not compel Defendant to comply with the Internal Revenue Service Summons dated March 30, 2012 because Plaintiffs committed perjury in his Declaration. Should this Court compel Defendant to comply with the Summons dated March 30, 2012, that action would, in itself, constitute an abuse of process.

WHEREFORE, based on the above foregone mentioned information, Defendant moves that this Honorable Court dismiss, with prejudice, Plaintiffs **Complaint To Enforce Internal Revenue Service Summonses**  case be dismissed.

Dated: November 15, 2012

                          Respectfully submitted,

                          */s/ Timothy J. Washburn*

                          Timothy J. Washburn
                          Pro Se Defendant
                          6458 Pamadeva Rd
                          Hanover, PA 17331
                          (717) 637-7809